UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
       :
UNITED STATES OF AMERICA,       :
       :
    -v-       :
       :
CHANG ZOU,       :
       :  S1 20 Cr. 51 (PAC)
         *Defendant*.       :
       :
       :  **MEMORANDUM & ORDER**
       :
       :
       :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 30, 2020, the defendant Chang Zou sought temporary release from the Metropolitan Correctional Center pursuant to 18 U.S.C. § 3142(i) on account of the COVID-19 pandemic. (*See* Dkt. 15.) The Government opposes the application. (Dkt. 16.) The defendant's application is denied.[1]

## BACKGROUND

The defendant has been charged by indictment with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; and one count of aiding and abetting the use and brandishing of a firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and 2. The charges in the indictment stem from an armed robbery on November 28, 2019, where Zou and his two co-conspirators held over 20 people hostage in a gambling establishment in New York City. As

---

[1] The Court addresses this application by written memorandum and order given the limited access to in court proceedings at this time and the parties' comprehensive written submissions. The parties have consented by email to a ruling on the papers.

1

videotape from inside the gambling establishment shows, Zou after signaling to co-conspirators closed the door to the establishment's exit and unveiled a long-bladed knife as the co-conspirators unveiled and brandished handguns. Zou and his co-conspirators then threatened multiple victims with the long-bladed knife, robbed the establishment, and forced individuals to empty their pockets of cash and valuables over the course of several minutes. The alleged value of the property stolen exceeds $5,000.

Upon the Government's application, this Court held a bail review hearing on February 10, 2020, and reversed the initial bail determination. The Court found that Zou presented a danger to the community and that no conditions of release could assure the community's safety. (*See* Feb. 10, 2020, Tr., Dkt. 13.) To date, no trial date or motion schedule has been set in this matter.

## **DISCUSSION**

The defendant makes the instant application pursuant to Section 3142(i), which provides that:

> a judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). In considering whether there is a "compelling reason" for a defendant's release under this provision, the Court balances the reasons advanced for such release against the risk that were previously identified and resulted in an order of detention. *See United States v. Chambers*, No. 20-CR-135 (JMF), 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

The defendant has not shown a compelling reason for release. The defendant does not identify any particular circumstances or health conditions that uniquely place him at high risk. The defendant's application relies chiefly on form letter proffering about the general release of

2

inmates because of the spread of COVID-19 and that release is necessary to prepare his defense. The fact of the COIVD-19 pandemic, standing alone, does not establish a compelling reason. To accept the defendant's generalizations about impediments to access to counsel and argument that release is necessary, especially in a case where no trial, hearing, or briefing schedule has been set yet, would "logically result in the wholesale release of pretrial inmates." *See United States v. Rudy Acosta*, 19 Cr. 848 (NRB), Dkt. 14 (S.D.N.Y Mar. 25, 2020). "The Court does not accept the proposition that such a result is either better for the inmate or for society more broadly." *Id.*

Further, the Court balances the reason for release with the risks posed by release. Because Zou is charged with violating 18 U.S.C. § 924(c), this is a presumption case. The Government has shown by clear and convincing evidence that defendant's release into the community would present a danger to others; the defendant does not argue otherwise. The Government's evidence is substantial. The videotape of the crime, played for the Court at the bail hearing, depicted at least five minutes of chilling conduct where multiple innocent people were menaced with guns and a knife, they were individually searched and money was taken by violence and force. Based on the record currently before this Court, there is no justifiable reason for the Court to change its prior ruling that the defendant's release would endanger the safety of the community.

The defendant also offers that he has proved to the Government that he sold a gun in 2018, which the Government believed that he possessed at the time of the bail hearing. (Def. Mot. at 9, Dkt. 15.) Pursuant to 18 U.S.C § 3142(f), a bail "hearing may be reopened…if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure…the safety of any other person and the community." The Court's

conclusion of detention here, however, did not rely on the defendant's ownership of a gun; it was based on the violent nature of the crime charged involving Zou menacing and robbing multiple individuals with a long-bladed knife, as well as risk of flight.

## **CONCLUSION**

Having fully considered the factors informing a decision on release and detention set forth in 18 U.S.C. § 3142, the defendant's bail application is denied.

Dated: New York, New York
      April 8, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge